UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KINGSPAN INSULATED PANELS, INC.
a Florida Corporation,

      Plaintiff,

vs.                                                                 Civil Action No:

CENTRIA, INC.,
a Pennsylvania Corporation,

      Defendant.

_____/

**COMPLAINT FOR TORTIOUS INTERFERENCE
AND DEMAND FOR JURY TRIAL**

Plaintiff, Kingspan Insulated Panels, Inc. ("Kingspan"), complains against the Defendant, Centria, Inc. ("Centria"), as follows:

**THE PARTIES**

1.  Plaintiff Kingspan is a corporation organized under the laws of the State of Florida, with a principal place of business at 726 Summerhill Drive, Deland, Florida 32724.

2.  On information and belief, Defendant Centria is a corporation organized under the laws of the State of Delaware, with a principal place of business at 1005 Beaver Grade Road, Coraopolis, PA 15108-2964.

**JURISDICTION AND VENUE**

3.     This Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) where the action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.     This Court has personal jurisdiction over Centria pursuant to M.C.L. § 600.705(2) based upon its contacts with the State of Michigan, including Centria doing and causing acts to be done and consequences to occur in Michigan resulting in this action for tort.

5.     Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391(b)(2).

**FACTUAL BACKGROUND**

6.     Kingspan is the largest manufacturer of insulated panels in North America.

7.     Architectural Glass and Metals, Inc. ("AGM") is a specialty contractor with offices in Kalamazoo, Michigan and Grand Rapids, Michigan that provides total building exterior solutions.

8.     Clark Construction Company ("Clark") is a construction company with offices in Lansing, Michigan and Southfield, Michigan.

9.     On or about August 26, 2015, Kingspan provided a quote to AGM for insulated panels totaling more than $770,000 in materials and labor for a construction project for Michigan State University in East Lansing known as the "Michigan State Project" or "MSU Bioscience Project."

10.     Between August 26, 2015 and September 28, 2015, Kingspan met twice with AGM for review and evaluation of Kingspan's quote to AGM for the Michigan State Project.

11. On September 25, 2015, AGM issued correspondence to Kingspan indicating that "[p]ending final Owner / AE approval and receipt of subsequent subcontract agreement; it is the intent of [AGM] to purchase the insulated Metal Wall Panels from [Kingspan] as described in the aforementioned quote." The correspondence of September 25, 2015 is attached as Exhibit A.

12. Upon information and belief, the quote by Kingspan, as a supplier, was used and relied upon by AGM in a quote that AGM, as subcontractor, then provided to Clark, as the general contractor, for the Michigan State Project.

13. On or about the morning of September 28, 2015, AGM made a presentation to representatives of Clark in East Lansing, Michigan regarding their bid for the Michigan State Project. The meeting on September 28, 2105 was attended by representatives of AGM, Clark, Michigan State University, and Michigan State University's project management team.

14. At the conclusion of the meeting on the morning of September 28, 2015, the understanding and business expectancy of Kingspan and AGM, based on the discussions with the representatives of Clark, was that AGM's bid would be accepted by Clark, that AGM would be awarded the Michigan State Project, that Kingspan would supply insulated panels to AGM for use by AGM in its work for Clark on the Michigan State Project, and that Kingspan, AGM, and Clark would move forward with commencement of the Michigan State Project soon after the September 28, 2015 meeting.

15. Centria also bid on the Michigan State Project.

16. Upon information and belief, at some point after the conclusion of the meeting on the morning of September 28, 2015, Centria was informed that the Michigan State Project would be awarded to AGM and Kingspan and not to Centria.

17. Upon information and belief, in response to being informed that the Michigan State Project would be awarded to AGM and Kingspan and not to Centria, in the afternoon of September 28, 2015, Richard A. Mowrey, Centria's Executive Vice President of Business Development, sent correspondence ("Exhibit B") to representatives of Clark and AGM threatening patent infringement litigation based on three patents, including U.S. Patent Nos. 8,261,499, 8,474,202, and 8,661,756 ("the Asserted Patents"). Specifically, the correspondence stated as follows:



# CENTRIA

September 28, 2015

Architectural Glass and Metals, Inc. - Byron Center, Michigan

Clark Construction Company - Lansing, Michigan

**Subject:** Michigan State Project - Grand Rapids Michigan
CENTRIA Patents #US 8,261,499, #US 8,474,202, and #US 8,661,756

To Whom it May Concern:

We are sending this letter to inform certain parties that there could be patent infringement on CENTRIA's Dimension Series Pressure Equalized Seal Plate design/parts and CENTRIA's Insulated Metal Vertical Joint design/parts.

Companies who market, quote, manufacture, fabricate, contract for, approve or install would be infringing if these designs/parts are copied. CENTRIA intends to enforce/defend its patent rights and sue any and all parties that infringe.

Please cease and desist any infringement on our patent.

Sincerely,

Richard A. Mowrey
Executive Vice President
Business Development

18. Upon information and belief, at the time of sending the September 28th correspondence (Exhibit B), Mr. Mowrey and Centria knew or should have known that Kingspan's insulated panels do not infringe any valid claim of the Asserted Patents.

19. Upon information and belief, at the time of sending the September 28th correspondence (Exhibit B), Mr. Mowrey and Centria knew or should have known that one or more claims of the Asserted Patents are invalid.

20. Upon information and belief, Mr. Mowrey and Centria knew, at the time of sending the September 28th correspondence (Exhibit B), of Kingspan's and AGM's business relationship and expectancy with respect to Clark regarding the Michigan State Project.

21. Upon information and belief, Mr. Mowrey and Centria sent the September 28th correspondence (Exhibit B) to intentionally and improperly interfere with Kingspan's and AGM's business relationship and expectancy with Clark regarding the Michigan State Project and to induce or cause a breach, disruption, and/or termination of Kingspan's and AGM's business relationship and expectancy with Clark regarding the Michigan State Project.

22. After the September 28th correspondence (Exhibit B) from Mr. Mowrey and Centria, the Michigan State Project has been indefinitely placed on hold thereby resulting in disruption and/or possible termination of Kingspan's and AGM's business relationship and expectancy of proceeding forward with the Michigan State Project, including Kingspan's and AGM's expectancy of AGM's bid being accepted by Clark, of AGM being awarded the Michigan State Project, of Kingspan providing insulated panels to AGM for use by AGM in its work for Clark for the Michigan State Project, and of Kingspan, AGM, and Clark moving forward with the commencement of the Michigan State Project soon after the September 28, 2015 meeting.

23.     The disruption and/or possible termination of Kingspan's and AGM's business relationship and expectancy has resulted in damage to Kingspan, including the disruption and possible loss of business for the Michigan State Project that otherwise would have commenced, but for the improper interference by Mr. Mowrey and Centria.

### COUNT I: TORTIOUS INTERFERENCE WITH A CONTRACT OR A BUSINESS RELATIONSHIP OR EXPECTANCY

24.     Kingspan realleges and incorporates herein the allegations in paragraphs 1 through 23 above.

25.     Kingspan had a business relationship with AGM, which in turn had a business expectancy with Clark, and a business expectancy regarding the award of business for the Michigan State Project.

26.     Upon information and belief, Centria knew of Kingspan's business relationship with AGM, of AGM's relationship with Clark, and of Kingspan's and AGM's business expectancy regarding the award of business for the Michigan State Project.

27.     Upon information and belief, Centria intentionally and improperly interfered with Kingspan's business relationship with AGM, with AGM's business relationship with Clark, and with Kingspan's and AGM's business expectancies regarding the award of business for the Michigan State Project by sending the September 28th correspondence (Exhibit A) and improperly threatening patent infringement litigation against AGM and Clark.

28.     Centria's intentional and improper interference with Kingspan's business relationship and business expectancy has damaged Kingspan in an amount greater than

$75,000, exclusive of interest and costs, including, but not limited to, the disruption and/or loss of expected business for the Michigan State Project totaling more than $770,000 in materials and labor for the Michigan State Project.

## PRAYER FOR RELIEF

WHEREFORE, Kingspan requests the following relief:

A. Entry of a judgment in its favor awarding Kingspan its actual damages resulting from Centria's intentional and improper interference with Kingspan's business relationship and business expectancy;

B. Entry of an order directing Centria to retract its September 28th correspondence to AGM and Clark;

C. Entry of a judgment awarding Kingspan its costs and attorney's fees, as permitted by law; and

D. Entry of a judgment awarding Kingspan such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues triable of right by a jury.


Dated:  October 7, 2015              By:     s/ George D. Moustakas
                                                                            George D. Moustakas (P41631)
                                                                            Michael P. Doerr (P61075)
                                                                            HARNESS, DICKEY & PIERCE, PLC
                                                                            5445 Corporate Drive, Suite 200
                                                                            Troy, MI 48098-2683
                                                                            (248)641-1600
                                                                            248)641-0270  Fax
                                                                            gdmoustakas@hdp.com
                                                                            mdoerr@hdp.com